DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky Court of Common Pleas, following a guilty plea, in which the trial court sentenced appellant to serve five years in prison.
 {¶ 2} On appeal, appellant, Larry W. Stull, sets forth the following assignment of error:
 {¶ 3} "1. The trial court erred to the prejudice of appellant when it imposed more than the minimum prison term for a first time felony offender without making the necessary findings on the record pursuant to R.C. 2929.14(B)."
 {¶ 4} On July 18, 2001, appellant was indicted on two counts of rape, in violation of R.C. 2907.01(A)(1)(b), and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. The charges were based on evidence that appellant, a twenty-two year old male, engaged in oral sex and sexual intercourse with his own stepfather's twelve and thirteen year old granddaughters.
 {¶ 5} On September 18, 2001, a change of plea hearing was held, at which appellant offered a plea of guilty to one count of the lesser included offense of attempted rape, in violation of R.C. 2907.02(A)(1)(b) and 2923.02. When asked to describe his crime, appellant admitted to having sexual intercourse with his stepfather's twelve year-old granddaughter. The trial court accepted appellant's guilty plea and referred the case to the adult probation department for a presentence investigation.
 {¶ 6} On November 13, 2001, a sentencing hearing was held at which the victims' father was allowed to testify. The trial court stated that it had reviewed the record, appellant's statements to the court, the victim impact statement, appellant's psychological evaluation, the presentencing report prepared by the adult probation department, and considered the "principles and purposes of sentencing as set forth in Ohio law."
 {¶ 7} The court found that appellant had a prior history of two misdemeanor domestic violence convictions and two probation violations. The court also found that appellant had one prior charge of gross sexual imposition with a thirteen year old female in 1995, while appellant was a juvenile, and that the charge was dismissed due to the victim's lack of cooperation with prosecutors. The trial court noted that appellant placed much of the blame for his own sexual misconduct on his belief that he was enticed by his twelve and thirteen year old victims. The court also found that appellant is a sexually oriented offender, and informed him of the reporting requirements set forth in R.C. 2950.04.
 {¶ 8} Based on the above findings, the trial court concluded:
 {¶ 9} "[T]he Defendant is not amenable to any Community Control, because there are no available sanctions for this sex offense in the community. And weighing the seriousness and recidivism factors, the Court believes that he poses a significant likelihood of re-offending as demonstrated by his prior offense."
 {¶ 10} Thereafter, the trial court sentenced appellant to serve five years in prison. A timely notice of appeal was filed.
 {¶ 11} Appellant asserts in his sole assignment of error that the trial court erred by sentencing him to more than the minimum sentence in this case because, as a first time felon, he had not previously been sentenced to a prison term. In support thereof, appellant argues that, although the court referred to the "principles and purposes of sentencing" in its judgment entry and at the sentencing hearing, "[i]t is the lack of any reference to the requirements of R.C. 2929.14(B) relative to imposition of more than the minimum prison term on a first time felon, which is the central issue of this appeal."
 {¶ 12} Pursuant to R.C. 2929.14(A), the minimum prison term for a second degree felony is two years, and the maximum is eight years. Pursuant to R.C. 2929.14(B):
 {¶ 13} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 14} The Supreme Court of Ohio has held that the trial court is required by R.C. 2929.14(B) to make one or more findings in support of its decision to impose more than the minimum prison sentence on a first time felony offender. State v. Edmonson (1999), 86 Ohio St.3d 324,326-327. In addition, the court must find that "either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. In other words, the record must clearly reflect "that the trial court first considered imposing the minimum * * * sentence and then decided to depart from that based on one or both of the permitted reasons." State v. Jones (2001),93 Ohio St.3d 391, 398, citing Edmonson, supra.
 {¶ 15} In this case, the trial court's remarks arguably could support a finding that a two-year sentence would demean the seriousness of the offense or would be inadequate to protect the public from future crime. Nevertheless, the court did not specify on the record that it first considered imposing the minimum sentence of two years and then decided to deviate from the statutorily mandated minimum based on one or both of the factors set forth in 2929.14(B).
 {¶ 16} Upon consideration of the foregoing, this court finds that the trial court erred when it ordered appellant, a first time felon, to serve more than the minimum prison term without making clear on the record that it considered all the factors required by statute. Appellant's assignment of error is well-taken.
 {¶ 17} The judgment of the Sandusky County Court of Common Pleas is hereby reversed. Appellant's sentence is hereby vacated and the case is remanded to the trial court for resentencing in accordance with R.C.2929.14. Court costs of these proceedings are assessed to appellee, the state of Ohio.
JUDGMENT REVERSED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.